UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                          Case No. 21-CR-245

MICHAEL R. CHAPMAN,

      Defendant.

---

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

---

On March 10, 2023, Defendant Michael R. Chapman was sentenced to 120 months in prison after his conviction for conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine contrary to 21 U.S.C. §§ 846 and 841(b)(1)(A). Judgment was entered on March 13, 2023. Mr. Chapman had privately retained Attorney Jeffrey Purnell to represent him. Apparently unfamiliar with the procedure for appealing a judgment of conviction in federal court, Attorney Purnell filed a "Notice of Intent to Pursue Post-Conviction Relief" on March 24, 2023. Filing a Notice of Intent to Pursue Post-Conviction Relief is the first step in the procedure for initiating an appeal of a criminal conviction under Wisconsin law. *See* Rule 809.30(2), Wis. Rule of Appellate Procedure. In federal court, a defendant seeking to appeal must file a Notice of Appeal. Fed. R. App. P. 4(b).

On April 12, 2023, Attorney Michelle Jacobs filed a motion to substitute attorney and an unopposed motion for an extension of time to appeal, noting that Mr. Chapman and his family had been unable to secure a response from Attorney Purnell regarding the filing of an appeal. Dkt. nos. 77, 78. The court granted the motion the following day, finding good cause from the facts set

forth in the motion. Dkt. No. 79. Now before the court is a motion to proceed on appeal *in forma pauperis* filed on Mr. Chapman's behalf by Attorney Jacobs. Attorney Jacobs states in the motion that Mr. Chapman has been in custody throughout the pendency of this case and she "has discussed his financial position with him, and knows that he has no assets, and thus no financial wherewithal to hire a retained lawyer to represent him on appeal." Dkt. No. 84 at 1. Attorney Jacobs notes that she is assisting him pro bono "to help correct and perfect the notice of appeal and docketing statement" and, if the court deems it necessary, she will file the financial affidavit with the court when it is received back from Mr. Chapman. *Id.*

Because no indigency finding was previously made in this case due to Mr. Chapman privately retaining counsel, Attorney Jacobs is directed to file the financial affidavit upon her receipt of the document. To be sure, the court does not doubt Attorney Jacobs' representations, but to complete the record, the affidavit of indigency should be filed. The court will then address Mr. Chapman's motion to appeal *in forma pauperis*. Finally, the court wishes to commend Attorney Jacobs for the assistance she has provided to ensure that Mr. Chapman's rights are fully protected.

Dated at Green Bay, Wisconsin this __19th__ day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
