UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No. 21-CR-245

MICHAEL R. CHAPMAN,

        Defendant.

## ORDER GRANTING MOTION TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL

On March 10, 2023, Defendant Michael R. Chapman was sentenced to 120 months in prison after his conviction for conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine contrary to 21 U.S.C. §§ 846 and 841(b)(1)(A). Judgment was entered on March 13, 2023. On April 18, 2023, Attorney Michelle Jacobs, filed a motion to proceed *in forma pauperis* on appeal, noting that she is assisting Chapman pro bono to perfect his appeal due to his inability to obtain a response from his previously-retained counsel. In this court's April 19, 2023 Order, counsel was directed to e-file the Chapman's financial affidavit upon receipt to allow this court to rule on his motion to proceed on appeal *in forma pauperis*. Having reviewed the filed financial affidavit (Dkt. No. 87), as well as an amended motion to proceed *in forma pauperis* on appeal, (Dkt. No. 88), the court is satisfied that Chapman is eligible to proceed *in forma pauperis* and his motion is granted.

Even if financially eligible, a person may not proceed *in forma pauperis* on an appeal in a criminal case "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not

frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively).

Although Chapman has not identified the specific issue on which he seeks to appeal, the Court believes that he wishes to challenge at least the Court's assessment of a two-point enhancement of his Offense Severity Score, pursuant to USSG §3B1.1, due to his role in the offense, which disqualified him from the safety valve exception under 18 U.S.C. § 3553(f), application of which would have freed him from the 120 month mandatory sentence that was imposed. The Court is satisfied that Chapman's appeal is not taken in bad faith.

**IT IS THEREFORE ORDERED** that Chapman's motion to appeal *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Chapman's appeal is not taken in bad faith. The Clerk is directed to provide a copy of this Order to the Court of Appeals.

Dated at Green Bay, Wisconsin this  25th  day of April, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge